890 A.2d 1043

**Richard SIENKIEWICZ, Jr., t/d/b/a Montage Mini–Mart, Inc., Appellee**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant.**

Supreme Court of Pennsylvania.

Argued April 13, 2005.

Decided Dec. 28, 2005.

Andrew S. Gordon, William Jones Cressler, Harrisburg, John V. Rovinsky, Scranton, for Dept. of Transp., appellant.

Edwin Aksel Abrahamsen, Scranton, for Montage Mini-Mart, Inc., appellee.

BEFORE: CAPPY, C.J., CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

## ORDER

PER CURIAM.

Applicant, Richard Sienkiewicz, Jr., has filed an application for reargument relative to the Court's decision of September 28, 2005, which required that Respondent PennDOT's preliminary objections to Applicant's petition for a board of viewers be sustained, as Applicant had failed to establish a *de facto* condemnation. *See Sienkiewicz v. PennDOT,* 584 Pa. 270, 883 A.2d 494 (Pa.2005). The case concerns Applicant's claim, as a business owner, that his commercial fuel station and convenience store operations were impaired by a public road reconfiguration project. The background is set forth in our opinion. *See id.*

The application posits that, although this Court's decision addressed the Commonwealth Court's and the common pleas court's reasoning, we overlooked Applicant's additional claim that he established a constitutionally significant taking by virtue of substantial impairment to access to his business premises during the actual construction phase of the road reconfiguration project. As PennDOT notes, however, we did address this claim, indicating that extraordinary circumstances are required to support it, which were not present on the record before the Court. *See Sienkiewicz,* 584 Pa. at 283, 883 A.2d at 501 n. 11 (citing *Truck Terminal Realty Co. v.*

*PennDOT,* 486 Pa. 16, 403 A.2d 986, 989 (1979) ("Temporary interference with road access falls under the noncompensable, exercise of the police power necessary to effectuate public improvement, unless the alleged interference was accomplished in an arbitrary and unreasonable manner.")).

More specifically, the record demonstrates that Applicant initially litigated his claim of a *de facto* condemnation in the common pleas court under three theories (two of which overlap):

1. [T]rucks and other vehicles desiring to purchase diesel fuel will be unable to enter [Applicant's] property and access gas pumps due to the narrow entrance-ways and installation of high curbs; 2. vehicles traveling certain directions will not be able to access [Applicant's] property due to the new traffic patterns; and 3. due to the relocation of Stafford Avenue, vehicles will have to travel further to reach [Applicant's] property passing [Applicant's] competitor prior to arriving at [Applicant's] place of business.

Plaintiff's Brief In Opposition to Defendant's Preliminary Objections to Amend Petition for Board of Viewers, at 5.[1] At oral argument before the common pleas court, Applicant's counsel first raised the issue of an additional construction-period interference claim, requesting that the record be reopened for supplementation with an affidavit from Applicant in support of the claim. *See* N.T., March 6, 2003, at 39–46.

The supplemental affidavit, however, reflected only Applicant's attestation that his sales had continuously declined since construction had begun, ultimately forcing him to cease operations. There is no evidence in the affidavit, or in the depositions and submissions that preceded it, of unreasonable or arbitrary action on PennDOT's part such as might establish extraordinary circumstance under *Truck Terminal,* and such as was established as a matter of record in the cases that Applicant presently cites. *See, e.g., Newman v. PennDOT,* 791 A.2d 1287 (Pa.Cmwlth.2002) ("During DOT's 27–month

1. These theories were the primary subject of the common pleas court's, the Commonwealth Court's, and this Court's opinions.

construction, there was no reasonable ingress and egress from Newman's property, which resulted in the closure of Newman's business."). For example, Applicant did not adduce evidence of any construction-period restriction on ingress and egress, or requirement of circuitous travel, above and beyond that which was addressed in our opinion. Rather, in terms of PennDOT's conduct, Applicant's case relative to the construction-interference claim rested on precisely the same evidence as did the restriction-on-access and circuity-of-travel claims that were the primary subject of our opinion.

As indicated in that opinion, the burden of proof borne by Applicant was a heavy one, *see Sienkiewicz*, 584 Pa. at 275–76, 883 A.2d at 498, and we reiterate that the treatment of Applicant's construction-period interference claim is based on the absence of a factual record establishing unreasonable conduct on PennDOT's part amounting to the extraordinary circumstances required to support the claim. *See Truck Terminal*, 403 A.2d at 989.[2]

The application for reargument is denied.

Justice NIGRO did not participate in the disposition of the reargument application.

---

**2.** In his present Application, Applicant continues to address the circumstances only in the most highly general terms, indicating only that "[i]t is clear that PennDOT substantially impaired the access to [Applicant's] property." Application for Reargument at 7. Again, such generalized assertions are insufficient to meet Applicant's heavy burden.